1

2

3

4

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD W. SHELTON,<br><br>                     Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br><br>                     Defendant. | NO:  13-CV-3093-TOR<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

        BEFORE THE COURT are the parties' cross-motions for summary

judgment (ECF Nos. 14, 16).  Plaintiff is represented by D. James Tree.  Defendant

is represented by Leisa A. Wolf.  The Court has reviewed the administrative record

and the parties' completed briefing and is fully informed.  For the reasons

discussed below, the Court grants Defendant's motion and denies Plaintiff's

motion.

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

The party appealing the ALJ's decision generally bears the burden of establishing

that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be "unable to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve

months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

"of such severity that he is not only unable to do his previous work[,] but cannot,

considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy."  42 U.S.C.

§ 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R.

§ 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R.

§ 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC,

the claimant is capable of performing work that he or she has performed in the past

("past relevant work").  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable

of performing past relevant work, the Commissioner must find that the claimant is

not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing

such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education and

work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R.

§ 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the

analysis concludes with a finding that the claimant is disabled and is therefore

entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R.

§ 404.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

Plaintiff applied for disability insurance benefits on December 30, 2010,

alleging a disability onset date of January 1, 2009.[1]  Tr. 193-201.  His claims were

denied initially and on reconsideration.  Tr. 124-26, 132-34.  Plaintiff appeared for

a hearing before an administrative law judge ("ALJ") on October 31, 2012.  Tr. 39-

84.  The ALJ issued a decision on November 30, 2012, finding that Plaintiff was

not disabled under the Social Security Act.  Tr. 18-38.

The ALJ found that Plaintiff met the insured status requirements of Title II

of the Social Security Act through December 31, 2014.  Tr. 23.  At step one, the

ALJ found that Plaintiff had not engaged in substantial gainful activity since

January 1, 2009.[2]  *Id*.  At step two, the ALJ found that Plaintiff had the following

---

[1] Plaintiff also applied for supplemental security income benefits on January 13,

2011.  Tr. 202-06.  However, this claim was denied due to the extent of Plaintiff's

income.  Tr. 114-23.  Plaintiff did not request reconsideration of this denial.

[2] At the administrative review hearing, Plaintiff amended the alleged onset date—

and consequently the date he last engaged in substantial gainful employment—to

February 16, 2009.  Tr. 42.

severe impairments: diabetes mellitus, high blood pressure, obesity, affective

disorder, anxiety disorder, and alcohol dependence in remission.  Tr. 23-24.  At

step three, the ALJ found that Plaintiff's severe impairments did not meet or

medically equal a listed impairment.  Tr. 24-26.  The ALJ then determined that

Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with no sitting,
> standing, or walking restrictions and with an ability to lift and carry
> twenty pounds occasionally and ten pounds frequently. The claimant
> can occasionally stoop, crouch, kneel, crawl, balance, use ramps and
> stairs, and climb ladders but should not climb ropes or scaffolds. He
> can have occasional interaction with the general public, coworkers or
> supervisors, and he can remember, understand, and carry out
> instructions and tasks that are generally associated with occupations
> with an SVP of 1 or 2.

Tr. 26.  At step four, the ALJ found that Plaintiff was unable to perform past

relevant work.  Tr. 32.  At step five, after considering Plaintiff's age, education,

work experience, and RFC, the ALJ found Plaintiff could perform other work

existing in significant numbers in the national economy in representative

occupations, such as hotel/motel housekeeper, folder, table worker, and semi-

conductor die loader.  Tr. 33.  Thus, the ALJ concluded that Plaintiff was not

disabled and denied his claims.  Tr. 33-34.

On December 11, 2012, Plaintiff requested review of the ALJ's decision by

the Appeals Council.  Tr. 15.  The Appeals Council denied Plaintiff's request for

review on July 8, 2013, Tr. 1-6, making the ALJ's decision the Commissioner's

final decision for purposes of judicial review.  42 U.S.C. § 405(g); 20 C.F.R.

§ 404.981.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

his disability insurance benefits under Title II of the Social Security Act.  Plaintiff

has raised the following three issues for review:

1.  Whether the ALJ erred in assessing Plaintiff's credibility;

2.  Whether the ALJ erred in rejecting the opinions of medical providers; and

3.  Whether the ALJ erred in his hypothetical question posed to the vocational expert.

ECF No. 14 at 9-10.

## DISCUSSION

### A. Adverse Credibility Determination

In social security proceedings, a claimant must prove the existence of

physical or mental impairment with "medical evidence consisting of signs,

symptoms, and laboratory findings."  20 C.F.R. §§ 416.908; 416.927.  A

claimant's statements about his or her symptoms alone will not suffice.  20 C.F.R.

§§ 416.908; 416.927.  Once an impairment has been proven to exist, the claimant

need not offer further medical evidence to substantiate the alleged severity of his or

her symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc).

As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

1    Plaintiff contends the ALJ improperly discredited his credibility.  ECF No.

2    14 at 15-18.  Specifically, Plaintiff challenges the ALJ's assessment of his daily

3    activities as proof that Plaintiff's symptoms were not that serious.  *Id.* at 15.

4    This Court finds the ALJ provided specific, clear, and convincing reasons

5    supported by substantial evidence for discounting Plaintiff's subjective statements.

6    The ALJ based his adverse credibility finding on the following: Plaintiff's

7    statements concerning the severity of his symptoms and limitations were

8    inconsistent with (1) his daily activities; (2) his lack of compliance with prescribed

9    and recommended treatment; and (3) the objective medical evidence.  Tr. 28-29.

10    First, the ALJ found Plaintiff's description of his daily activities inconsistent

11    with the disabling symptoms and limitations alleged.  Tr. 28.  In support, the ALJ

12    highlighted the following:

13    > The claimant reported that he is unable to work due, in large part, to
diminished energy and fatigue. . . However, the claimant's testimony
14    > suggesting that he could not perform any work on a regular and
consistent basis is not consistent with his reported activities and
15    > receipt of unemployment benefits. Although the claimant testified that
he stayed in bed and did not shower several days a week when he
16    > rented a room, the record indicates that he was able to perform many
activities when needed, such as shopping, meal preparation,
17    > household chores, laundry, and personal grooming.  In addition, the
claimant now has to leave the shelter where he is staying during the
18    > day, and he spends his day riding the bus, walking, visiting with
others, and going to the park and library.

19

20

Tr. 28.  These inconsistencies between Plaintiff's alleged limitations and his

reported daily activities provided a permissible and legitimate reason for

discounting Plaintiff's credibility.  *Thomas*, 278 F.3d at 958-59; *see also Orn v.*

*Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (finding that daily activities may be

relevant to an adverse credibility finding either because they contradict a

claimant's testimony or demonstrate abilities and skills that can easily transfer to a

workplace setting).

Second, the ALJ found that Plaintiff's statements concerning the severity of

his symptoms and limitations were inconsistent with his "less than full

compliance" with prescribed and recommended treatment.  Tr. 29.  The ALJ noted

the following:

> [T]he longitudinal medical record shows times of inconsistent use of
> prescribed medications for diabetes and hypertension; lack of
> adherence to dietary recommendations; and lack of regular exercise. .
> . In addition, the record indicates that the claimant has the knowledge,
> ability, and skills to follow recommended treatment . . . . The
> longitudinal record suggests significantly improved diabetes
> management and control of blood glucose levels with treatment
> compliance.

Tr. 29.  These inconsistencies between Plaintiff's alleged limitations and his lack

of compliance with treatment, with which he has the ability to comply, provided a

permissible and legitimate reason for discounting Plaintiff's credibility.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (finding that a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  plaintiff's "unexplained or inadequately explained failure to seek treatment or to

2  follow a prescribed course of treatment" provided legitimate reason for rejecting

3  claimant's credibility).

4      Finally, the ALJ found that Plaintiff's statements concerning the severity of

5  his symptoms and limitations were inconsistent with the objective medical

6  evidence.  Tr. 28.  For example, although Plaintiff reported ongoing complications

7  in other body systems from diabetes, the record did not show continued lower

8  extremity problems or significant gait abnormalities; rather, Plaintiff could

9  "tandem walk, toe and heel walk, hop, and squat for a short while."  Tr. 29, 322.

10  Plaintiff complained that his high blood pressure and tachycardia contribute to his

11  inability to work, but the record shows consistent use of prescribed medications

12  would manage both conditions.  Tr. 29, 324, 415-16, 418-20.  Finally, although

13  Plaintiff complained of low back pain, the record does not show ongoing reports of

14  back symptoms or ongoing treatment for back pain; rather, examinations showed

15  Plaintiff has normal back range of motion. Tr. 29, 323, 646.  These inconsistencies

16  between Plaintiff's alleged limitations and objective medical evidence provided a

17  permissible and legitimate reason for discounting Plaintiff's credibility.  *Thomas*,

18  278 F.3d at 958.

19      Accordingly, this Court concludes that the ALJ did not err in discrediting

20  Plaintiff's credibility.

**B.  Medical Providers**

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan*, 246 F.3d at 1201-02 (citations omitted).  Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.*  In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists.  *Id.* (citations omitted).  A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization.  *Id.* at 1203, n.2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir.2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "However, the ALJ need not accept the opinion of any physician, including

a treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If

a treating or examining doctor's opinion is contradicted by another doctor's

opinion, an ALJ may only reject it by providing specific and legitimate reasons

that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing

*Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). An ALJ may also reject a

treating physician's opinion which is "based to a large extent on a claimant's self-

reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at

1041 (internal quotation and citation omitted).

## 1. **Dr. Moon**

Plaintiff first contends the ALJ erred by failing to properly reject the opinion

of examining psychologist, Dr. Tae-Im Moon. ECF No. 14 at 10. Plaintiff points

to Dr. Moon's July 12, 2012 evaluation in which he opined Plaintiff would have

two moderate work-related limitations: moderate difficulty learning new tasks and

moderate inability to "[c]omplete a normal work day and work week without

interruptions from psychologically based symptoms." *Id.* at 10-11, Tr. 549.

According to Plaintiff, if the ALJ had properly incorporated this opinion into the

RFC finding, he would have determined that Plaintiff was unable to sustain

employment. ECF No. 14 at 13.

This Court finds the ALJ properly considered the medical opinion of Dr. Moon and incorporated his opinion into the RFC finding.  The ALJ acknowledged that Plaintiff "may have some difficulty, at times, maintaining concentration for complex tasks and instructions due to the combination of his mental and physical impairments, treatment, and associated symptoms to the extent credited."  Tr. 32. In considering these limitations, the ALJ concluded that Plaintiff would have the ability to "remember, understand, and carry out instructions and tasks generally associated with occupations that have an SVP of 1-2," which conclusion was then incorporated into the final RFC finding.  Tr. 32.  Because the ALJ incorporated Dr. Moon's opinion into the RFC finding, he did not need to provide clear and convincing reasons for rejecting any of Dr. Moon's opinions.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).  Therefore, the ALJ did not err in his evaluation of Dr. Moon's opinion.

## 2.  **Mr. Anderson**

Plaintiff next contends the ALJ improperly rejected the opinion of Mr. Russell Anderson.[3]  ECF No. 14 at 12-13.  Plaintiff points to Mr. Anderson's June 28, 2011 evaluation in which he noted marked limitations in several areas of functioning.  *Id.* at 12, Tr. 336.  Plaintiff argues that Mr. Anderson's opinion

---

[3] Plaintiff attributes this opinion to both Mr. Anderson and the physician, Dr. Rodenberg, who signed off on Mr. Anderson's evaluation.  ECF No. 14 at 12-13.

should be given greater weight because, although Mr. Anderson himself is not an acceptable medical source, Dr. Rodenberger "cosigned" his opinion. ECF No. 14 at 13-14.

As a licensed clinical social worker, Mr. Anderson is not an "acceptable medical source" within the meaning of 20 C.F.R. § 416.913(a); SSR 06-03p, 2006 WL 2329939 at *2 (a licensed clinical social worker is not an "acceptable medical source" under § 416.913(a)). Instead, Mr. Anderson qualifies as an "other source" as defined in 20 C.F.R. § 416.913(d). *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Because Mr. Anderson is an "other source" rather than an "acceptable medical source," his opinions about the nature and severity of Plaintiff's impairments are not entitled to controlling weight. SSR 06-03p, 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a)(2). The ALJ need only have provided "germane reasons" for rejecting Mr. Anderson's opinions. *Molina*, 674 F.3d at 1111. However, to the extent the record shows Mr. Anderson "was working closely with, and under the supervision of [a physician], [his] opinion is to be considered that of 'an acceptable medical source.'" *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011); *cf. Molina*, 674 F.3d at 1111 (finding that a physician's assistant, an "other source," did not otherwise qualify as a medically acceptable source because the record did not show she worked under a physician's close supervision).

As a preliminary matter, this Court finds insufficient support in the record to find that Mr. Anderson "was working closely with, and under the supervision of" Dr. Rodenberger. Dr. Rodenberger merely signed the "Releasing Authority Signature" block at the end of Mr. Anderson's evaluation form. Tr. 338. Therefore, this Court treats Mr. Anderson's opinion as that of an "other source."

The ALJ provided germane reasons for rejecting Mr. Anderson's opinion. First, the ALJ noted that Mr. Anderon's opinion was partly based on claimant's subjective reports of symptoms. Tr. 31. As explained above, the ALJ determined Plaintiff's subjective complaints were not credible. Because the ALJ need not accept a medical opinion based on a plaintiff's non-credible self-reporting, *Tomasetti*, 533 F.3d at 1041, the ALJ properly rejected this evaluation.

Second, the ALJ noted that Mr. Anderson's opinion was inconsistent with evaluating medical sources, specifically Dr. Jay Toews. Tr. 31, 314-18. Because Dr. Toew's opinion was based on a comprehensive psychological evaluation and was generally consistent with other examining sources and the longitudinal record, the ALJ afforded Dr. Toew's opinion greater weight than Mr. Anderson's. Tr. 31. Because the ALJ can properly reject an "other source" opinion on the ground that it conflicts with that of an "acceptable medical source," *see Molina*, 674 F.3d at 1111, the ALJ had further grounds for only affording Mr. Anderson's opinion "some weight."

### C. Hypothetical Question Posed to Vocational Expert

"Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant…." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). "Unless the record indicates that the ALJ had specific and legitimate reasons for disbelieving a claimant's testimony as to subjective limitations such as pain, those limitations must be included in the hypothetical in order for the vocational expert's testimony to have any evidentiary value." *Embrey*, 849 F.2d at 423. "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984).

Plaintiff contends the hypothetical question the ALJ posed to the vocational expert did not adequately express the full extent of Plaintiff's limitations, specifically because it did not incorporate the opinions of Dr. Moon and Dr. Rodenberger.  ECF No. 14 at 13-14.  This argument is derivative of Plaintiffs' arguments concerning the ALJ's rejection of Plaintiff's credibility and the medical providers' opinions.  Given that the ALJ properly rejected this evidence, no error has been shown.

//

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1    **IT IS HEREBY ORDERED:**

2        1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

3        2.  Defendant's Motion for Summary Judgment (ECF No. 16) is

4            **GRANTED**.

5        The District Court Executive is hereby directed to enter this Order, enter

6    **JUDGMENT** for **DEFENDANT**, provide copies to counsel, and CLOSE the file.

7        **DATED** September 25, 2014.

8    

9                            THOMAS O. RICE
                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19